Lin v. Sessions

BIA
Loprest, IJ
A205 240 735

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of September, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
PIERRE N. LEVAL,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*
_____

XUEQIN LIN,
        *Petitioner,*

        v.                                                17-194
                                                          NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Joshua Bardavid, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting
                           Assistant Attorney General; Carl
                           H. McIntyre, Assistant Director;
                           Benjamin J. Zeitlin, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xueqin Lin, a native and citizen of the People's Republic of China, seeks review of a January 5, 2017, decision of the BIA affirming a September 15, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xueqin Lin,* No. A205 240 735 (B.I.A. Jan. 5, 2017), *aff'g* No. A205 240 735 (Immig. Ct. N.Y. City Sept. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., excluding the non-credibility based grounds for denying relief, which the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies or omissions in her or her witness's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency did not err in finding Lin not credible.

Initially, the agency reasonably relied on the omission of Lin's injuries from her friend's second letter. The

3

friend's first letter referenced injuries on Lin's face; however, a second letter did not mention injuries. Lin's current argument that her friend was unaware of her injuries is unpersuasive, as the friend spoke of the injury in the first letter. Lin has therefore failed to show that the agency erred by relying on her friend's omission. *Id.* at 167 (affirming adverse credibility determination based, in part, on omissions from corroborating letters).

The adverse credibility determination is further bolstered by the IJ's observations of Lin's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii). "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and "[w]e give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ's demeanor findings are supported by the record. The IJ reasonably concluded that Lin appeared to be testifying from a script because she was unable to provide details beyond those in her application statement. Specifically, Lin was unable to provide details about her escape from the second police raid. Moreover, Lin became

4

evasive and nonresponsive on cross examination. Lin argues that the BIA failed to consider her explanation that she was unable to remember details surrounding her escape because her life was in danger; however, the BIA, while acknowledging her explanation, reasonably found it unpersuasive. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . [R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error." (internal quotation marks omitted)). Because the IJ's observations are supported by the record, we defer to the demeanor finding. *Id.* at 168-69.

Given the foregoing omission and demeanor findings, as well as the corroboration findings that Lin has not challenged in this Court, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court